IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 2:05-cr-0387 |
| THOMAS THORNTON, | ) Judge Thomas M. Hardiman |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Following a bench trial on May 8 and 9, 2006, the Court found Defendant Thomas

Thornton guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§922(g)(1).  The bulk of the testimony against Thornton came from eyewitnesses, including

police officers who saw him in actual or constructive possession of a handgun before, during, and

after the commission of a robbery.  On September 13, 2006, Thornton filed a motion for a new

trial pursuant to Federal Rule of Criminal Procedure 33(a) and (b)(1), based upon newly

discovered evidence.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion,

the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Rule 33(b)(1) further provides that a motion for a new trial may be grounded on "newly

discovered evidence."  In interpreting Rule 33, the Court of Appeals has held that a district court

may grant a new trial based on newly discovered evidence only if five requirements are met:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since
> the trial; (b) facts must be alleged from which the court may infer
> diligence on the part of the movant; (c) the evidence relied on, must not be
> merely cumulative or impeaching; (d) it must be material to the issues
> involved; and (e) it must be such, and of such nature, as that, on a new
> trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (quoting *United States v. Iannelli*, 528

F.2d 1290, 1292 (3d Cir. 1976)). "A motion for a new trial is addressed to the trial judge's

discretion . . . ." *Government of the Virgin Islands v. Lima*, 774 F.2d 1245, 1250 (3d Cir. 1985).

A district court also has broad discretion to decide whether to hold a hearing to assess

whether the requirements for a new trial are met. *United States v. LaFuente*, 991 F.2d 1406,

1409 (8th Cir. 1993); *see also Iannelli*, 528 F.2d at 1294. "The purpose of a hearing is to

determine what happened, that is to establish the historical record. Accordingly, a hearing need

not be held at the behest of a party whose allegations if established would not entitle it to relief."

*United States v. Gilsenan*, 949 F.2d 90, 97 (3d Cir. 1991).

In this case, Thornton argues that a Computer-Aided Dispatch (CAD) report of the 911

call describing the events surrounding the robbery is newly discovered evidence that entitles him

to a new trial. According to his motion, Thornton's attorney hired a private investigator prior to

trial to locate and obtain a recording of the 911 call. Thornton avers that the Allegheny County

911 Center informed the investigator that the recordings no longer existed because the robbery

occurred so long ago. Thornton states in his motion that "subsequently," his fiancee "learned

that a transcript [CAD report] of the 911 call existed at the Allegheny County 911 Center." The

motion then states that Thornton obtained a copy of the CAD report on or about June 16, 2006.

It is clear that under *Cimera*, Thornton's motion is without merit. First, the newly

discovered evidence would not probably produce an acquittal. Thornton claims that the CAD

report contradicts several of the witnesses who testified at trial. Even assuming, however, that

the eyewitnesses to the robbery (Eicher and Margie) completely fabricated their stories, nothing

contained in the CAD report about the robbery itself impeaches the four different police officers

(Bliss, Sibley, Stitt, and Kuzel) who testified that they observed Thornton's possession of a

2

firearm during the *subsequent* vehicle stop. The only "evidence" Thornton raises to impeach Sergeants Bliss and Kuzel—he apparently has no basis upon which to impeach Officers Sibley and Stitt—are two one-line entries in the CAD report indicating that those officers arrived on the scene after Thornton was already in custody, so they could not have witnessed the events surrounding the stop.[1]

For Thornton's allegation to be true, however, the Court would have to conclude that both Bliss and Kuzel fabricated practically every aspect of their testimony. The Court declines to do so, however. It is one thing to allege that the officers lied about some details; it is quite another to say that they have created out of whole cloth an entire series of observations of an event at which they were not even present. Page after page of the trial transcript reveals the officers' knowledge of what they saw that evening; two entries from a CAD report showing when those officers apparently called in to report their arrival on the scene (or more likely, when the 911 dispatcher actually keyed in those entries) cannot single-handedly eviscerate their credible testimony at trial. Because Thornton's conviction was not for robbery, inconsistencies between Eicher and Margie's testimony and what the CAD report shows do not render probable an acquittal on the §922(g)(1) charge, as Thornton's conviction on that charge is amply supported by the officers' testimony about the post-robbery events.

Even assuming, *arguendo*, that Thornton could meet *Cimera*'s probable acquittal requirement, he cannot satisfy the requirement that "facts must be alleged from which the court

---

[1] Thornton also points to the police shift logs that indicate that Sergeants Bliss and Kuzel were not scheduled to come on duty until approximately twenty minutes after the vehicle stop. The Government has responded persuasively, however, that the logs merely divide twenty-four hours into three generic shifts and that officers are routinely assigned to start their shifts early so that some officers are on duty during the shift change.

may infer diligence on the part of the movant." 459 F.3d at 458. "[N]ewly discovered evidence must be evidence that trial counsel *could not have discovered* with due diligence before trial." *United States v. DeRewal*, 10 F.3d 100, 104 (3d Cir. 1993). In the instant case, Thornton's attorney hired a private investigator prior to trial to obtain the 911 audio recordings. Once he learned that those recordings were no longer available, which also occurred prior to trial, he reasonably could have asked or had his investigator ask whether CAD reports were available instead. The fact that 911 operating centers track calls in the form of CAD reports or otherwise could have been discovered through due diligence. If this inquiry resulted in the inability to commence trial on the specified date, Thornton's attorney could have asked for a continuance. For example, in *Government of Virgin Islands v. Ledesma*, 160 Fed. Appx. 261, 263 (3d Cir. 2005), the Court of Appeals held that the failure to ask for a continuance defeated the defendant's claim that he acted with due diligence.

Finally, under *Gilsenan*, the Court finds that a hearing would not aid in establishing the historical record. Thornton has already attached as exhibits all the parts of the CAD report he finds helpful to his motion for a new trial. He does not point to any witness whose testimony at an evidentiary hearing would help the Court's reading of the CAD report.

AND NOW, this 17th day of October, 2006, it is hereby ORDERED that Defendant's Motion for a New Trial (Doc. No. 45) is DENIED.

BY THE COURT:

Thomas M. Hardiman
United States District Judge